**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD DAVIDSON, | No. 09-56691 |
| Petitioner - Appellee, | D.C. No. 3:06-cv-01326-BEN-PCL |
| v. | |
| P.L. VASQUEZ | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted March 11, 2011
Pasadena, California

Before: B. FLETCHER, WARDLAW, and KAVANAUGH,[**] Circuit Judges.

Donald Davidson was convicted in California Superior Court of committing

a lewd act upon a dependent adult. The victim was a mentally ill woman

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

[**] The Honorable Brett M. Kavanaugh, Circuit Judge for the District of Columbia Circuit, sitting by designation.

temporarily housed in a hospital psychiatric ward where Davidson was working as a certified nursing assistant. During the trial, the victim testified on direct examination but became non-responsive before Davidson's counsel could cross-examine her. The trial court struck the victim's testimony and ordered the jury to disregard it. Davidson moved for a mistrial, arguing that only a mistrial could cure the Confrontation Clause violation that occurred when the victim testified without being subject to cross-examination. The trial court denied the motion, ruling that striking the testimony and instructing the jury to disregard it sufficed to resolve the problem. Davidson was convicted, and he then appealed. The California Court of Appeal affirmed, holding that striking the testimony and instructing the jury to disregard it sufficed to cure the constitutional problem and that a mistrial was not necessary. The California Supreme Court denied Davidson's petition for review.

Davidson then filed a federal habeas petition. The district court granted his habeas petition. The court ruled that, under *Bruton v. United States*, 391 U.S. 123 (1968), the Sixth Amendment violation was not cured by striking the victim's testimony and instructing the jury to disregard it, but rather necessitated a mistrial. The State of California now appeals. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and our review is de novo. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). We reverse.

2

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant habeas relief on a claim "adjudicated on the merits" by a state court only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d).  We conclude that the California Court of Appeal adjudicated Davidson's claim on the merits, and that its decision neither was contrary to nor involved an unreasonable application of clearly established federal law, as determined by the Supreme Court.

1.  The Court of Appeal's decision was "on the merits" for the purposes of AEDPA.  A state court decides an issue "on the merits" when it resolves that issue "based on the substance of the claim advanced, rather than on a procedural, or other, ground."  *Lambert*, 393 F.3d at 969.  In a recent decision issued after the district court's ruling in this case, the Supreme Court emphasized: "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).  A state court decision that addresses the substance of a federal claim under state rather than federal law is still "on the merits."  *See Early v. Packer*, 537 U.S. 3, 6-8 (2002); *Slovik v. Yates*, 556

3

F.3d 747, 754-55 (9th Cir. 2009) (applying § 2254(d) to a California Court of

Appeal decision that "analyzed [the petitioner's] claim as an evidentiary issue

governed by state law, rather than a confrontation question governed by the Sixth

Amendment").

Applying those principles, we conclude that the California Court of Appeal's

decision in this case was on the merits. The Court of Appeal recognized the Sixth

Amendment violation that occurred when the victim testified at trial but became

unavailable for cross-examination. Davidson argued to the Court of Appeal that,

under *Bruton*, 391 U.S. 123, a mistrial was required because the jurors could not

heed an instruction to disregard the victim's testimony. The Court of Appeal held

that striking the witness's testimony and instructing the jury to disregard it sufficed

to cure the Sixth Amendment violation, and held that a mistrial was not necessary.

Citing various cases, including one that expressly discussed federal constitutional

confrontation rights (*Commonwealth v. Kirouac*, 542 N.E.2d 270 (Mass. 1989)),

the Court of Appeal explained:

> Where a witness fails to testify on cross-examination after
> direct examination due to illness or death or other cause not the
> fault of the opposing party, it is proper to strike the witness's
> direct testimony. . . .
>    . . . .
> Courts have long recognized that misconduct at trial can be
> cured by admonitions and instructions. We presume jurors follow

a court's admonitions and instructions. Nothing in the record we have on appeal suggests the jury ignored the court's instruction and based its decision on Melissa's testimony rather than the other substantial evidence supporting a finding of guilt.

We believe the court's decision in this case to strike Melissa's testimony and to strongly admonish the jury was a reasonable response to Melissa's noncooperation given the other evidence presented. We do not find any abuse of discretion in the court's decision thereafter to deny Davidson's motion for a mistrial.

ER 66-68 (internal citations and quotation marks omitted). To be sure, the Court of Appeal's decision could have been somewhat more extensive – it did not, for example, cite *Bruton* or explicitly discuss the Sixth Amendment in its analysis of the mistrial issue. But it resolved Davidson's claim "based on the substance of the claim advanced, rather than on a procedural, or other, ground" and was therefore "on the merits." *Lambert*, 393 F.3d at 969.

Because the Court of Appeal's decision was on the merits, AEDPA's deferential standard of review applies.

2. The Court of Appeal's decision was not "contrary to," nor did it "involve[] an unreasonable application of," any "clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The AEDPA standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011)

5

(internal quotation marks omitted). In habeas cases governed by AEDPA, "a state court must apply legal principles established by a Supreme Court decision when the case falls squarely within those principles, but not in cases where there is a structural difference between the prior precedent and the case at issue, or when the prior precedent requires tailoring or modification to apply to the new situation." *Moses v. Payne*, 555 F.3d 742, 753 (9th Cir. 2009) (internal quotation marks omitted).

Davidson argues that a criminal defendant has a Sixth Amendment right to a mistrial when the alleged victim testifies on direct examination but becomes unavailable for cross-examination. No Supreme Court decision has ever held as much. The general rule, as the California Court of Appeal noted in this case, is that instructions to the jury can cure problems that arise at trial because of the erroneous admission of evidence. *See Cruz v. New York*, 481 U.S. 186, 191 (1987). *Bruton* held only that an instruction to the jury could not cure the Sixth Amendment problem that arises when "the powerfully incriminating extrajudicial statements of a *codefendant*, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial." 391 U.S. at 135-36 (emphasis added). The Supreme Court has never extended *Bruton* to a case in

6

which a victim, rather than a codefendant, offers testimony not subject to cross-examination.

This court has said that "*Bruton* applies only where co-defendants are tried jointly," *United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007), and "*Bruton* rests, for good or ill, on the presumed inability of juries to disregard an incriminatory codefendant's confession," *Toolate v. Borg*, 828 F.2d 571, 574-75 (9th Cir. 1987). Davidson advances a convincing argument for extending the *Bruton* principle to this context. But the Supreme Court has not done so. The California Court of Appeal's decision did not contravene *Bruton* and was not "contrary to," nor did it "involve[] an unreasonable application of," any "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

We reverse the judgment of the District Court and remand with instructions to deny Davidson's petition for a writ of habeas corpus.

**REVERSED AND REMANDED**.